UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
JAN 30 2014
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

BILLY RAY SMITH, :
:
:
Plaintiff, :
:
v. : Civil Action No. 14-131
:
ERIC H. HOLDER, JR., *et al.*, :
:
Defendants. :

## MEMORANDUM OPINION

This matter is before the Court on the plaintiff's application to proceed *in forma pauperis* and his *pro se* complaint. For the reasons stated below, the Court will grant the application and dismiss the complaint.

This action arises from the alleged violation of rights protected by the United States Constitution since June 1972, when the plaintiff was detained and interrogated by police without his parents' knowledge, notwithstanding his status as a minor. It appears that the plaintiff was not tried in juvenile court and instead was tried as an adult; thereafter he served a lengthy prison sentence and was released from custody in January 2013. Among other relief, he demands nominal and punitive damages, and an order dismissing all past and present criminal charges against him.

It appears from the plaintiff's allegations that the success of his claims necessarily would require that his conviction arising from his 1972 arrest be set aside. He cannot recover monetary damages, however, without first showing that the conviction has been invalidated either by

3

"revers[al] on direct appeal, expunge[ment] by executive order, . . . or . . . a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). However, the plaintiff has not shown that his conviction has been invalidated, and, therefore, he fails to state a claim upon which relief can be granted.

Furthermore, it is the well settled doctrine that federal courts should not enjoin or otherwise interfere with ongoing proceedings in the Superior Court. *See Younger v. Harris*, 401 U.S. 37, 45 (1971) ("[T]he normal thing to do when federal courts are asked to enjoin pending proceedings in state courts is not to issue such injunctions."); *JMM Corp. v. District of Columbia*, 378 F.3d 1117, 1120-22 (D.C. Cir. 2004) (applying *Younger* rule to proceedings in the District of Columbia); *Bannum, Inc. v. District of Columbia*, 433 F. Supp. 2d 1, 3 (D.D.C. 2006) (declining to intervene to vacate a Superior Court order). This Court, therefore, cannot dismiss any criminal charges currently pending against the plaintiff in the Superior Court.

The complaint fails to state claims upon which relief can be granted, and accordingly, the complaint will be dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). An Order is issued separately.

/s/ Reggie B. Walton
United States District Judge

DATE: January 13, 2014